NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
**FRANCISCO J. ROSALES,**           :
                                    :
            Petitioner,   :        Civil Action No. 17-7246 (ES)
                                    :
            v.            :        OPINION
                                    :
**CHARLES GREEN,**                  :
                                    :
            Respondent.   :
_____:

**SALAS, DISTRICT JUDGE**

Petitioner Francisco J. Rosales ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Essex County Correctional Facility in Newark, New Jersey. On September 20, 2017, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention pending removal. (D.E. No. 1, ("Pet")). For the reasons stated below, the Court will dismiss the Petition.

**I. BACKGROUND**

Petitioner is a native and citizen of Mexico, who has been in the United States since 2008. (Pet at 7). On January 9, 2017, DHS issued a Notice to Appear charging Petitioner as inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (D.E. No. 4 ("Answer") at 1). ICE took Petitioner into custody on January 10, 2017 and determined that Petitioner was subject to discretionary detention pursuant to 8 U.S.C. §1226(a). (Answer, Ex. C, Notice of Custody Determination). Petitioner requested review of the determination and, on February 2, 2017, Petitioner appeared before an Immigration Judge for a bond hearing. (*Id.*, Ex. D, Order of the Immigration Judge with Respect to Custody). At that time, the Immigration Judge found

Petitioner to be both a flight risk and a danger to the community, and denied the request of a change of custody status. (*Id.*). On April 27, 2017, the Immigration Judge ordered Petitioner removed to Mexico. (*Id.*, Ex. E, Removal Order). On May 30, 2017, Petitioner filed a motion to reopen with the Executive Office of Immigration Review, which the Immigration Judge granted for the sole purpose of allowing Petitioner to pursue an application for voluntary departure. (*Id.*, Ex. F, Reopen Order). Despite having his case reopened, Petitioner decided not to pursue voluntary departure and the Immigration Judge ordered Petitioner removed again. (*Id.*, Ex. H, Removal Order). On June 30, 2017, Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"), and on November 7, 2017, the BIA dismissed Petitioner's appeal. (*Id.*, Ex. J, BIA Opinion).

In his Petition, which he filed after the Immigration Judge ordered him removed, but before the BIA dismissed his appeal, Petitioner argues that his prolonged pre-removal-order detention is a violation of his due process rights. (Pet. at 8-15).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject matter jurisdiction over this Petition under § 2241, because Petitioner (1) was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed

2

his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 49-95, 500 (1973); and (2) asserts that his detention is not statutorily authorized, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

### B. Analysis

At the outset, the Court must determine under which statute Petitioner is currently detained. Petitioner was initially detained under 8 U.S.C. § 1226 when he was taken into custody by ICE. (Answer, Ex. C, Notice of Custody Determination). However, the basis for Petitioner's custody then shifted to 8 U.S.C. § 1231, the post-removal-order statute, on November 7, 2017, when the BIA dismissed his appeal and his removal order became final. *See* 8 C.F.R. § 1241.1(a) ("[a]n order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals").

"Post-removal-order" detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). During the removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-order detention. *Id.* at 701. The Supreme Court held that, to state a claim under § 2241, the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. Specifically, the Supreme Court determined:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

Here, Petitioner became subject to a final order of removal on November 7, 2017, during the pendency of this matter, when the BIA dismissed his appeal. *See* 8 C.F.R. § 1241.1(a). As of that date, Petitioner's detention ended under 8 U.S.C. § 1226, and he is now detained under the post-removal-order detention statute, 8 U.S.C. § 1231. *See Noah Zhe v. Green,* No. 17-7182, 2017 WL 4407934, at *2 (D.N.J. Oct. 4, 2017); *Leslie v. Att'y Gen.*, 578 F.3d 265, 268–70 (3d Cir. 2012) (§ 1231 governs the detention of aliens subject to a final order of removal not subject to a stay of removal)). However, Petitioner is still within the presumptively reasonable six-month period of post-removal immigration detention set forth in *Zadvydas*; that period does not expire

4

until May 7, 2018. As such, Petitioner's challenge to his post-removal-order immigration detention is premature and will be dismissed *without prejudice*. *Accord Grossett v. Muller*, No. 13–0364, 2013 WL 6582944, at *3 (D.N.J. Dec. 13, 2013) (noting *Zadvydas* claim is premature if filed prior to expiration of six-month presumptively reasonable removal period); *Abdou v. Elwood*, No. 12-7720, 2013 WL 1405774, at *4 (D.N.J. Apr. 4, 2013) (same).

## III. CONCLUSION

For the foregoing reasons, the Petition is dismissed *without prejudice*. An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**